# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WILLIAM D. PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 8:08CV514 |
| | ) | |
| **DRIFIRE, LLC, and STERLING CAPITAL PARTNERS, LP,** | ) | PROTECTIVE ORDER |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Plaintiff and Defendants (collectively, the "Parties") have agreed to the entry of a protective order. Upon review of the matter,

**IT IS ORDERED** that the parties' Stipulation for the entry of an Agreed Protective Order (Doc. 26) is granted, as follows:

1. Plaintiff has made requests for documents that include information pertaining to Defendants' trade secrets and confidential information (including but not limited to confidential technical, marketing, strategic, planning, financial, and personnel documents) ("Confidential Information").

2. This Protective Order shall cover the Confidential Information, produced at any time throughout the course of the litigation.

3. Confidential Information may be designated as such by placing a "CONFIDENTIAL" stamp on any document or by designating information as such prior to or in answering an interrogatory or question at a deposition.

4. The Confidential Information shall be used solely in connection with this action, including any appeals, and shall not be used in any other action or proceeding or for any

other purpose whatsoever including, without limitation, the publication or disclosure to any person other than as expressly provided herein.

5. The Confidential Information may be shown only to:

   a. Defendants (including any employee authorized by Defendants to view the Confidential Information), Defendants' counsel, and the legal, paralegal, and clerical employees of Defendants' counsel;

   b. Plaintiff, Plaintiff's counsel, and the legal, paralegal, and clerical employees of Plaintiff's counsel;

   c. Any experts or consultants and their staff who are directly involved in the discovery and/or trial preparation of this case;

   d. Deponents or trial witnesses at the time of the testimony, to the extent reasonably necessary to render their testimony, and provided that Defendants' counsel consents to any such disclosure in advance;

   e. Court reporters in the course of a deposition or court proceeding; and

   f. The Court.

6. Before any Confidential Information is disclosed to any person identified in Paragraph 5 (a) – (e) above, that person must first receive a copy of this Protective Order and agree to abide by its terms.

7. Confidential Information shall be disclosed to the persons identified in Paragraph 5 (a) – (c) above only to the extent reasonably necessary to enable that person to assist in the pre-trial preparation and litigation of this case.

8. If Plaintiff's counsel deems it necessary to disclose any Confidential Information to any person other than those identified in Paragraph 5 above, Plaintiff's counsel must first obtain the consent of Defendants' counsel. If Defendants' counsel does not agree to the planned disclosure, Plaintiff's counsel may seek the Court's approval provided that Defendants' counsel receives proper notice of the request.

9. Unless otherwise agreed to in writing by counsel for the Parties or ordered by the Court, any documents made part of the public record which attach documents

constituting Confidential Information, shall have the Confidential Information redacted, with a copy of this Protective Order attached thereto. The party seeking to make such documents part of the public record shall have the responsibility of providing the Judge and opposing counsel copies without redacted text.

10. Within thirty (30) days after this case and any appeals of this case end, the Plaintiff and his counsel shall destroy all originals and copies of all documents containing the Confidential Information in their possession, custody, or control. Without limiting the generality of the foregoing, the obligation to destroy such documents shall include the obligation to erase all images, compilations, copies, summaries, or abstracts of them from computer storage except for materials constituting attorney work-product. Upon written request of Defendants' counsel, Plaintiff and his counsel shall sign a certification stating that they have fully complied with this Paragraph.

**DATED June 30, 2009.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett**
                                          **United States Magistrate Judge**